UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LORETTA SHELTON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:24-cv-1299 |
| VS. | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

This case arises from an incident in a Wal-Mart store, in which Plaintiff Loretta Shelton, a patron of the store, allegedly slipped on a puddle of water, fell, and suffered injuries. Before the Court is Defendant's Motion to Dismiss. ECF No. 8. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### I. BACKGROUND

Plaintiff Loretta Shelton alleges that on June 3, 2022, she was "at Walmart attempting to wash her hands and move towards the end of the sink facing the wall when she slipped on water on the floor and slid on her right leg." ECF No. 1-2 at ¶ 9. Shelton alleges that this fall caused her to suffer "serious personal injuries for which she had to seek the care of medical professionals." *Id.* She alleges that Walmart caused her injuries by (a) failing to monitor the condition of the floor, (b) failing to promptly monitor the floor area, (c) failing to promptly keep the floor area clear, (d) failing to properly train its employees, (e) failing to warn others that a dangerous condition existed, and (e) creating a hazard to others. *Id.* at ¶ 10.

1

Shelton originally filed this action in state court, bringing claims for (1) premises liability; (2) gross negligence; and (3) negligent hiring, training, supervision, and retention. *Id.* at ¶¶ 13–17. She seeks over $1,000,000 in damages. *Id.* at ¶ 27. Defendant removed the action to this Court on April 10, 2024. Defendant now moves to dismiss Shelton's claims for gross negligence and negligent hiring, training, supervision, and retention—that is, all claims except Shelton's premises liability claim.

## II.     LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). That said, a complainant must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This must be more than "[a]n unadorned, the-defendant-unlawfully-harmed-me accusation" or "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While the court must accept well-pleaded facts as true, legal conclusions are not entitled to

the same assumption of truth. *Id.* The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### III. ANALYSIS

#### A. Negligent hiring, retention, training, and supervision

In Texas, a plaintiff injured by a condition on defendant's premises—rather than a contemporaneous activity—cannot bring claims for negligence *and* premises liability—their only redress is a claim for premises liability. *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014) (concluding that in slip-and-fall case governed by Texas law, plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury"); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (plaintiff in slip-and-fall case could only recover under premises liability theory, not negligence theory, because "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity"). Similarly, "claims for respondeat superior and negligent hiring, retention, training, and supervision fail where the plaintiff fails to allege a contemporaneous activity." *Medina v. Costco Wholesale Corp.*, No. 4:23-CV-00129-BP, 2024 WL 1122054, at *2 (N.D. Tex. Mar. 14, 2024).

Here, Plaintiff alleges that she was injured due to Defendant's failure to take measures to clean the water on the floor or warn patrons of the dangerous condition. Her alleged injury stems from the condition created by Defendant's actions—a wet floor—rather than a contemporaneous action taken by Defendant. Under Texas law, that is precisely the sort of claim that is properly pled under a premises liability theory. *Martinez v. Wal-Mart Stores Tex. LLC*, No. 7:21-cv-00207, 2022 WL 597039, at *3–*4 (S.D. Tex. Feb. 28, 2022) (no contemporaneous action where

plaintiff's claim was based on slipping on drops of water on floor that had fallen from pipes on ceiling); *Austin*, 746 F.3d at 196–97 (slipping on oily substance on the floor gave rise to premises liability claim, not negligence claim); *Keetch*, 845 S.W.2d. at 264 (finding that slipping on waxy substance on the floor was premises condition, explaining that plaintiff "may have been injured by a condition created by the spraying [on the floor] but she was not injured by the activity of spraying"). Thus, because Plaintiff has not alleged a contemporaneous activity, the Court must dismiss her negligent hiring, retention, training, and supervision claim.

### B. Gross negligence

For her gross negligence claim to survive Defendant's Motion to Dismiss, Shelton must plausibly allege facts that "satisfy the elements of an ordinary negligence or premises liability claim and demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others.'" *Austin*, 746 F.3d at 196 n.2 (quoting *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006)). This "extreme risk" is not merely "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). The circumstances must be such that "the act would reasonably be thought to be highly dangerous." *Payne v. Wal-Mart Stores Texas, LLC*, No. MO:18-CV-00224-DC, 2020 WL 3579207, at *4 (W.D. Tex. Apr. 7, 2020) (quoting *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993)). The Texas Supreme Court has cautioned against conflating an unreasonable risk that could give way to an ordinary negligence claim with an extreme risk that could give way to a gross negligence claim. *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993). Such conflation "would inevitably eliminate any meaningful distinction between negligence and gross negligence." *Id.*

Here, Shelton alleges that she slipped on water on the floor of a Wal-Mart store. ECF No. 1-2 at ¶ 9. While it is conceivable that a puddle of water left on the floor could result in serious injury, Shelton's allegations do not plausibly demonstrate that there was a high likelihood of serious injury to patrons. *See Loesch-Simmons v. Wal-Mart Stores Texas, LLC*, No. CV H-17-777, 2018 WL 3105027, at *3 (S.D. Tex. June 25, 2018) (dismissing gross negligence claim, reasoning that "[n]o evidence exists to show that 'water left standing on the floor' qualifies as highly dangerous or likely to cause serious injury").

Additionally, Shelton has not presented any evidence indicating that "any Wal-Mart employee knew about the water prior to the accident." *Id.* For her gross negligence claim to proceed, Shelton must allege facts that plausibly show that Defendant was subjectively aware of the extreme risk created by its conduct. *Alexander*, 868 S.W.2d at 326. All in all, Shelton's allegations are not enough to support a gross negligence claim at this juncture.

### C. Leave to amend

Shelton's response to Defendant's Motion asks that the Court allow Plaintiff to replead her claims, should it find that her allegations are insufficient to plausibly support her claims. The Court finds that amendment of her negligent hiring, retention, training, and supervision claim would be futile, for reasons explained above. However, Plaintiff may be able to allege facts that could support a gross negligence claim. As such, the Court will afford Plaintiff the opportunity to replead her gross negligence claim.

## IV.   CONCLUSION

The Court **GRANTS IN PART** Defendant's Motion (ECF No. 8). Plaintiff's negligent hiring, training, supervision, and retention claim is **DISMISSED WITH PREJUDICE**, as

amendment would be futile. Plaintiff's gross negligence claim is **DISMISSED WITHOUT PREJUDICE**. The Court grants Plaintiff leave to amend her complaint to address the deficiencies discussed in this Order. She may file an Amended Complaint within two weeks of the entry of this Order. Defendant may file a Motion to Dismiss, if any, within two weeks of the filing of Plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 8th day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE